IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**STEVE WEITMAN**,

        Plaintiff,

    v.

**JIM WEITMAN and TAYNA WYLDER,
individually and as husband and wife,
WEITMAN EXCAVATION, LLC, an
Oregon limited liability company, STAR
CONSTRUCTION SERVICES, LLC, an
Oregon Limited Liability Company,
dba Star Concrete, DOES 1 through 5**,

        Defendants.

No. 3:12-cv-00499-MO

OPINION AND ORDER

**MOSMAN, J.**,

    This is a lawsuit brought by Steve Weitman against his brother Jim, a company that Jim

founded and of which Steve has been a member (at least at one time), and several other persons

and entities. Defendants moved for partial summary judgment [37], arguing that there is

insufficient evidence to support seven of the eight claims and that Defendants are entitled to

judgment as a matter of law on those claims. Fed. R. Civ. P. 56(a). Plaintiff subsequently

withdrew two of the alleged claims. (Pl.'s Resp. [46] at 37.)

    I must decide the motion as to five of the original claims: claim one, for breach of

contract; claim two, for declaratory judgment as to Steve Weitman's membership interest in the

LLC; claim three, for fraud and intentional misrepresentation; claim four, for conversion; and

claim five, for breach of fiduciary duty.  Other than the request for a declaratory judgment, each

of these claims is brought only against Jim Weitman individually.

## LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The court must

view the evidence in the light most favorable to the non-moving party.  *Matsushita Elec. Indus.

Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The moving party bears the initial

responsibility of informing the court of the basis of its motion and providing evidence that

demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986).  If that burden is met, the non-moving part must "present significant probative

evidence tending to support its claim or defense."  *Intel Corp. v. Hartford Acc. & Indem. Co.*,

952 F.2d 1551, 1558 (9th Cir. 1991) (internal quotation omitted).  The non-moving party fails to

meet its burden if "the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party." *Id.* (quoting *Matsushita*, 475 U.S. at 587).

The court should view inferences drawn from the facts in the light most favorable to the

nonmoving party *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir.

1987).  If the factual context makes the nonmoving party's claim as to the existence of a material

issue of fact implausible, that party must come forward with more persuasive evidence to support

the claim than would otherwise be necessary. *Matsushita*, 475 U.S. at 587.

## DISCUSSION

### I.    Withdrawn Claims

The complaint [1] as originally filed also alleged claims for shareholder's remedies for

oppressive conduct under Oregon law and for civil RICO under 18 U.S.C. § 1962.  (Compl. [1]

2 – OPINION AND ORDER

¶ 87–120.)  These claims have been withdrawn.  (Pl.'s Resp. [46] at 37.)  Consequently, I DISMISS these claims without prejudice.

Because these were the only claims asserted against Defendants Tayna Wilder and Star Construction Services, LLC, there are no remaining claims against these defendants. Consequently, the suit is DISMISSED as to these defendants.

## II.    Evidentiary Objections

Defendants raise evidentiary objections [51] to several of the summary judgment exhibits submitted by Plaintiff in support of his opposition to summary judgment.

### A.    *Objections to Exhibits*

Defendants argue that Exhibit G is wholly inadmissible.  (Def.'s Reply [49] at 9.)  For purposes of summary judgment, I find that Plaintiff has laid a sufficient foundation for the first three pages of this exhibit, which were printed from Weitman Construction's accounting records. The admissibility at trial of the fourth page of Exhibit G, which is purported to be a summary of Weitman Construction's accounting records for the year 2010, (S. Weitman Decl. [52-1] ¶ 36), cannot be determined on the current record.  However, I find that regardless of whether or not this summary is admitted there is a genuine dispute of material fact.  Consequently, I decline to rule on this objection at this time.  The objection may of course be renewed if the summary is offered as evidence at trial.

Defendants object to the admission of Exhibit H for lack of foundation.  (Def.'s Reply [49] at 9.)  The record, however, shows that the exhibit is a chart showing the accounting codes used by Weitman Construction.  (Pl.'s Surreply [55] at 10; S. Weitman Decl. [52-1] ¶ 46.)  I find that Plaintiff has laid sufficient foundation for this evidence, and therefore OVERRULE the objection.

For the same reasons, I OVERRULE the objections to portions of Steve Weitman's declaration that are based on Exhibits G and H.

I need not address the objection to Exhibit E, as that exhibit has been withdrawn.  (Pl.'s Surreply [55] at 3.)

**B.**    ***Objections to Steve Weitman's Declaration***

Defendants object to several statements made in Steve Weitman's declaration [52-1].[1] They argue that several statements in paragraph 48 of the declaration are inadmissible hearsay. Because the statements were purportedly made by Jim Weitman, they are admissible as statements of a party opponent under Federal Rule of Evidence 801(d)(2).  Consequently, I OVERRULE this objection.

Similarly, Defendants object to Mr. Weitman's declaration insofar as it refers to the chain of emails (Exhibit F) between the Weitman Construction, LLC principals and its attorney, on the grounds that the statements lack foundation.  (Def.'s Reply [49] at 10.)  I find that, for purposes of summary judgment, a foundation for the correspondence quoted in the declaration is laid in Mr. Weitman's declaration.  Mr. Weitman explains that he sent or received each of the quoted emails.  (S. Weitman Decl. [52-1] ¶¶ 10–25.)

Defendants argue that the contents of paragraphs 27 through 29 of the declaration are also inadmissible hearsay.  (Def.'s Reply [49] at 10.)  Plaintiff argues that they are admissible as statements of a party-opponent.   (Pl.'s Surreply [55] at 7–8.)  I agree with Plaintiff, as these are statements made by Jim Weitman himself or by Weitman Construction's agents.  Further, I observe that Steve Weitman is likely offering the statements as verbal acts representing an oral

---

[1] I GRANTED Steve Weitman's request to file an amended declaration [52] on November 19, 2013 [60]. Consequently, I have taken into consideration the proposed amended declaration filed along with his request.

contract, rather than for their expressive value.  Consequently, for purposes of summary judgment I OVERRULE the objection.

### III.    Import of the April 2009 Negotiations and Contract

I find that there are genuine disputes of material fact as to the circumstances surrounding the transfer of Steve Weitman's interest in Weitman Construction, LLC, to his brother Jim Weitman in April of 2009.  The circumstances surrounding the transfer of Mr. Weitman's interest and any oral agreement made at that time are factual issues that cannot be decided on this record.  Consequently, I DENY Defendants' motion for partial summary judgment [37] as to the request for a declaratory judgment and the claims for breach of contract, conversion, and unjust enrichment.

### IV.    Fraud

I note first that Plaintiff's allegations of fraud would not satisfy the heightened pleading standard applicable to fraud claims under Federal Rule of Civil Procedure 9(b).  Steve Weitman supports the claim for fraud with Exhibit G.  Although I have found that at least the first three pages of this exhibit are admissible, I find that no rational jury could make a connection between this evidence and the alleged fraud.  Although Defendants have not explicitly attacked the sufficiency of the allegations under Rule 9(b), the combination of extremely vague allegations of fraudulent conduct and very little evidence to support the claim controls my decision on this motion for summary judgment; no rational jury could find for Plaintiff on these allegations based on the evidence submitted.

## CONCLUSION

For the reasons stated above, Defendants' motion for partial summary judgment [37] is DENIED as to claims one, two, four, and five. The motion is GRANTED as to claim three.

Defendants' motion to strike [51] is DENIED in part.  As noted above, the case is DISMISSED as against Defendant Tayna Wilder and Defendant Star Construction.

IT IS SO ORDERED.

DATED this __19th__ day of December, 2013.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Judge

6 – OPINION AND ORDER